E. J. ROWE, by His Next Friend and Father, Fred Rowe, Appellant, v. ELIZABETH RUGG.

Corporal Punishment of Child: RIGHTS OF MOTHER: *Delegation of right.* Since, under Code, section 3192, a mother is equally entitled to the care and custody of the children with the father, she is equally entitled to discipline them, and has authority to delegate to the aunt of her child the right to administer to it moderate corporal punishment.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

SATURDAY, OCTOBER 18, 1902.

ACTION to recover damages for an assault and battery. Trial to a jury, and verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*Thos. Stapleton* for appellant.

*Hedges & Rumple* for appellee.

SHERWIN, J.—This is an action by a child of eight years of age to recover of the defendant, who is his aunt, damages for corporal punishment administered by her. That she moderately chastised the child was admitted by the defendant, and the jury found that it was not, in fact, excessive. It conclusively appeared that it was authorized by the plaintiff's mother, and the only questions before us are whether the mother has such authority over her own child during the life of her husband, and while he is the head of the family, that she may delegate her power in the premise to another, and whether one acting under such delegated authority may legally inflict moderate punishment upon a minor child.

We first inquire whether either parent may legally authorize a third person to administer such chastisement to their child as they might themselves lawfully inflict. It is the general rule that those having the care, custody, and control of minor children may, for the purpose of proper discipline and control, administer such moderate and reasonable chastisement as shall effect the desired object, and this rule has been applied generally to all those occupying a position in *loco parentis.* The law continually looks to the future of the child, as well as to its present condition; and it is its policy, in dealing with the

various questions which are constantly arising affecting its care and custody, to determine the line of action that shall best subserve its present and future welfare. The duties which the parent owes to the child as well as to the public, in the matter of its maintenance, protection, and education, have generally been held to give the parent or other person occupying such relation the power to thus discipline and correct it. While we are not prepared to hold that a parent may, without restraint, lawfully authorize any and all persons to administer physical punishment to his or her child, we see no reason why such authority may not be given under certain circumstances. For instance, if a child is placed in the temporary care of some person, in whom the parent has great confidence, on account of relationship or otherwise, why may not authority to properly correct the child be delegated for the time being? Or suppose a parent is physically unable to administer needed punishment; why may he not legally direct a friend to do so for him? The child and society are as fully protected in such case as in one where the punishment was administered by the parent, because, if immoderate and unreasonable, the same consequences would follow in both cases. And on the other hand, the failure to correct might be detrimental to the child. As bearing upon this question, see *Bonnett v. Bonnett*, 61 Iowa, 199.

The mother, under section 3192 of the Code, is "equally entitled to" the "care and custody" of the children. This must necessarily mean that she is also equally entitled to control and discipline them. Being given this power, it must follow that, if the father may authorize another to punish his child, the mother may do so.

The instructions of the trial court were in harmony with these views, and the judgment is AFFIRMED.